## LEEKE's Adm'r, *D. B. N.* vs. BEANES.

ERROR to the General Court. Debt on a bond for the payment of money, dated in 1797, executed by the intestate of the appellant to the appellee. *Payment* and *plene administravit* were pleaded, to which there were the general replications, and issues joined. The facts were these: The bond, on which the suit was brought, was executed by *Frank Leeke*, the obligor, who died intestate, and *S. Leeke* took out letters of administration on his estate, and gave bond as the law required, for its due administration. *S. Leeke* died intestate, without having returned an inventory on the estate of *F. Leeke*. *S. Hepburn*, the defendant, (now appellant,) after the death of *S. Leeke*, took out letters of administration *de bonis non* on the estate of *F. Leeke*, and gave bond for the due administration of the estate of *F. Leeke*, unadministered by *S. Leeke*. *Hepburn* did not return an inventory on the estate of *F. Leeke* within twelve months from taking out the letters *de bonis non*, nor had he done so at the time of bringing this suit. The question submitted on these facts to the court was, whe-

1809

Leeke
vs
Beanes

JUNE.

The not returning an inventory on the estate of an intestate by his administrator, is not sufficient evidence to charge the administrator with a debt of the intestate.

1809

Gantt
vs
Bowie

ther they were sufficient to charge the defendant below with the debt for which the suit was instituted? The general court, at October term, 1804, were of opinion they were sufficient, and gave judgment for the plaintiff. The defendant brought the present writ of error.

The cause was argued in this court before POLK, BUCHANAN, NICHOLSON and EARLE, J.

*Magruder*, for the Plaintiff in error, cited *Morgan vs. Slade, et ux. (ante 38.) Wilson's ex'r. vs. Slade, et ux. (ante 281);* and *Peake's Evid.* 345, 346.

*Shaaff*, for the Defendant in error, cited *Swinb.* 420; and the act of 1798, *ch.* 101.

JUDGMENT REVERSED.