ANDREW HANSON

*vs.*

MARY ANN COX, ADMINISTRATRIX OF WILLIAM COX.

AT LAW. DECIDED FEBRUARY 19, 1844.

*Action Against an Administratrix.*

1. An administrator, by omitting to return an inventory, is not chargeable with the whole amount of a creditor's claim, and the burden of proof is upon the creditor to show the amount of assets which came into the administrator's hands, even when the administrator has neglected to account.

2. It is the duty of an executor, upon the death of the testator, to take possession of the personal property of the deceased, but not to dispose of it. He may sue for it, provided he takes out letters of administration before trial.

3. If an executor be also a devisee or residuary legatee, and enter generally into possession of the property, he does it as an executor, not as a devisee.

4. Any time before an executor distributes or disposes of the property of a testator, and continues to hold the property as such, even after the expiration of twelve months, is early enough for a creditor to commence an action to recover a debt due from the testator.

5. Where an administrator refuses to account after a creditor has shown in an action against him that he has sufficient in his hands to satisfy the creditor's claim, the administrator cannot be allowed to discharge himself by showing payments without showing his receipts.

This action was brought against the defendant as administratrix of William Cox, deceased, for the board, maintenance and clothing of a female child, the slave of the said William Cox, in the sum of $500.

BRENT & BRENT for the plaintiff.

Jos. H. BRADLEY for the defendant.

The jury brought in a verdict for $300.

Judgment for assets ascertained to be due was $300 and costs, without interest; and the cause was referred to W. Redin, the auditor to ascertain and report whether there are sufficient assets to satisfy the judgment.

The defendant, through her counsel moved for a new trial. The court overruled the motion.

The following is the report of the auditor:

" The subscriber reports that William Cox, by his will dated the 31st of July, 1839, devised and bequeathed to his wife, Mary Ann Cox, and her heirs, all his real, personal and

mixed property, in trust, to be applied, in the first place in payment of his funeral expenses and just debts, and then to be held for the benefit of herself for life, and after her death for his children. He appointed his said wife, executrix, and directed that she should not be required to give security as such. On the 13th of August, 1839, Mrs. Cox obtained letters testamentary, and entered into the usual administration bond duly to administer. The above suit was brought against her on 3d of August, 1841, as administratrix, and judgment obtained for $300, on the 28th of August, 1843. Mrs. Cox has not returned any inventory to the Orphans' Court of the property which came to her hands, nor settled any account there. Citations have been several times issued by the court requiring her to do so. She has not shown to the auditor the amount of assets; but has declined to exhibit the state of her accounts, and to admit that anything came to her hands.

Under these circumstances the plaintiff insisted that from her neglect of duty in the Orphans' Court, and her refusal to account now before the auditor, she must be presumed to have assets sufficient to discharge the plaintiff's claim; and that the burthen of proof was not upon him, but upon her, to show what assets came to her hands. The amount of such assets, and of the claims against the estate is information within her own knowledge. If insufficient to pay the debts in full, she could have protected herself by returning an inventory, and settling an account. In an action on her administration bond, for not distributing the assets at the time fixed by our testamentary act, would not the court, on her refusal or neglect to account before the jury, have instructed them to presume assets sufficient? On whom is the burden of proof *as to assets in an action against an executor de son tort?* Need the plaintiff show anything more than an intermeddling with the estate by such a defendant? The defendant might have pleaded in this action *plene administravit,* and put in issue the proportion of assets to which the plaintiff was entitled, as well as the existence of his debt. Upon the issue of *plene administravit* on whom is the affima-

tive, and on whom would have been the burthen of proof as to assets? By omitting to put that fact in issue before the jury, the question as to assets is referred to the court ; and must not the court make the same presumptions against the defendant as to assets, that they would have instructed the jury to make?

The auditor is not aware of any decisions, nor of any established practice of this court where an administrator refuses to account. He would have thought, that, in such a case, it ought to be presumed against him that he had assets sufficient to satisfy the plaintiff's debt in full. But the Court of Appeals of Maryland has decided that, by omitting to return an inventory, an administrator does not become chargeable with the whole amount of a creditor's debt.

(Leeke's administrator *vs.* Beanes, 2 Har. & John., 373) ;

And that the burden of proof, in an action against an administrator on his administration bond, is upon the plaintiff to show the amount of assets which came to the administrator's hands.

(Morgan *vs.* Slade, 2 Har. & John., 38 ; Wilson's Ex'rs *vs.* Slade, Ib., 281 ; Norfolk *vs.* Gantt, Ib., 435).

Yielding to these authorities, the auditor declined, therfore, to report, as the plaintiff insisted he ought, that, from the defendant's neglect to account and to show what came to her hands, she must be held to have assets sufficient to discharge the plaintiff's debt.

The plaintiff then undertook to show assets ; and submitted the affidavit of John Gould, which proves that personal property of at least the value of twenty-five hundred dollars of said William Cox was taken possession of and collected by the defendant.

It was then objected, on behalf of the defendant, that such property did not come to her hands as administratrix ; that whatever personal property she took, was taken by her as devisee and trustee under the will of said Cox, upon the trusts of the will, before she had any notice of this claim ; that she was sued in this action as administratrix, whereas,

in truth, she was executrix; and that the plaintiff's remedy, if any he had, was in chancery, and not in a court of law.

The defendant sets up the will, and claims to have acquired and to hold the property of the testator, not under the authority of her letters testamentary, but of the will. Taking this to be so; of that will she is residuary devisee or legatee, and also executrix. In which of these characters did she take? It is the duty of an executor immediately upon the death of the testator to take possession of all the personal property. He has authority through the will, and without letters testamentary, to collect and preserve, but not to dispose of it. He may sue for it, before letters granted, and recover at the common law; and so, under our act, provided he obtain letters before the trial. (Sub. ch. 3, § 8.)[1]

His right and title commence the instant the testator dies; and the property remains in his hands, as executor, until the debts are paid, or until delivered up to those entitled. A legatee can take nothing except by the assent of the executor, or on the order of the Orphans' Court. (Sub. ch. 10, § 7, 8.)[2]

If a legatee obtains possession of the property bequeathed, and it be necessary that the executor should have it for the satisfaction of debts, he may maintain an action against the legatee, and recover it back. The rule is so where the executor and legatee are different persons. If they be the same person—if the executor be also the devisee or residuary legatee—and he *enter generally* into the possession of the property he is in *as executor,* and *not* as devisee or legatee. (11 Vin. Ab., Tit. Ex'r M *b*, § 5, 7.)

Possession of personal property acquired in one character, continues to be held in that character, until the possession be changed. The defendant in this case unites in her own person both characters of executrix and devisee. It must be shown that she took possession of the property *as legatee,* or

1. Act of Maryland of 1798, ch. 101, Laws of D. C., p. 43.
2. Act of Maryland of 1798, ch, 101, Laws of D. C., p. 59.

the presumption is that she is in *as executrix.* Is there any act which shows an intention on her part to take as legatee, and not as executrix? Did she not enter generally on the death of the testator? And not only so; but if the character in which she took is to be determined by her own act, must not the obtaining of letters testamentary, giving bond, and taking the oath duly to administer, be deemed evidence of an election on her part to take as executrix? If she made such election, or if by entering generally, she is to be deemed in as an executrix, what act has she since done to change the character of her original possession? No formal act of assent by her as executrix to the residuary bequest is shown at any time. At the expiration of twelve months, the period for the exhibition of claims, there had been no sale, was no distribution, nor any settlement, and transfer of any balance, after paying the debts of the testator, to herself as devisee, or any other act manifesting an intention to change the character in which she had acquired the possesion of the property. It does not appear that any notice of this claim was given the defendant within the twelve months, nor earlier than the commencement of the action. But, if at that time the character of her original possession remained unchanged, and she continued to hold the property as executrix, undistributed and undisposed of, the notice of this claim, by the commencement of the suit, was in time. The auditor thinks the defendant must be considered, at the time of commencement of this action, as holding the property in the character in which she originally acquired it, namely, as executrix, or administratrix with the will annexed. Then, as to the objection that she is sued as administratrix, and not as executrix. Ought not that, if a defense, to have been pleaded in the action? Has she not, by appearing as administratrix, confessed that she is such? And would not this judgment against her as administratrix be a bar to an action for the same debt, by the same plaintiff, against her as executrix? It is thought so.

These views having been communicated to the parties, the defendant, without waiving, but insisting upon her right to

rely before the court upon the several objections above stated, claimed the right to show the claims that existed against her husband at the time of his death, and the payments she had since made.   Claims to the amount of $3,212.22, including the plaintiff's, have been exhibted.   These are particularly stated in a list thereof appended to this report.   If the defendant comes in to settle, ought she not to exhibit both sides of the account, and not one side, the creditor side, merely?   She has refused to show the debtor side, the amount of the assets which came to her hands, and has put the plaintiff to prove what he can.   The sum made out by him may be greatly less than the amount really received. Ought she to enter into this speculation, and be silent, if the amount proved be less, and show the true amount if it be more ?   The auditor thinks that, to entitle herself to take credit for the payments she may have made out of the assets, she ought to show, what it is in her power to do, the precise amount of those assets, and to state and settle the entire account.   Yielding to the Maryland decisions, as establishing that it cannot be presumed from the defendant's refusal to account that she has assets sufficient, the auditor thinks that the plaintiff having shown assets, the defendant ought not to be allowed to discharge herself by showing payments without also showing her receipts.   And therefore he reports, upon the testimony of John Gould, that the defendant has assets sufficient to discharge the plaintiff's debt in full ; and that final judgment should be entered for $300, with interest from the 28th of August, 1843, and $24.62, the costs of suit, and $27, the cost of this audit.

If, however, the auditor is in error as to this, and the defendant can come in and discharge herself from the sum proved by the plaintiff, without showing the amount received by herself, then the account will stand as follows :

He charges her upon Gould's testimony with..... $2,500 00

And he allows in full:

| | | |
|---|---|---|
| The fees of the register of wills........ | $7 | 00 |
| Kirby's bill for funeral expenses........ | 51 | 00 |
| Adm'x's commission at 10 per cent..... | 250 | 00 |
| Plaintiff's costs of suit................. | 24 | 62 |
| The defendant's costs of suit........... | 8 | 50 |
| Costs of this audit.................... | 27 | 00 |

$367 12

Balance for distribution................. $2,132 88

The debts against the estate presented by the defendant, as stated, amount to $3,212.22. The dividend is 66.4 per cent., and the proportion due to the plaintiff, the sum of $199.20, for which final judgment should be entered, with interest from the 28th of August, 1843, and $24.62, costs of suit, and $27, costs of the audit.

In the amount of debts above stated, is one of $1,000, due to Col. Crowell. This, it appears from the defendant's statement, has never been claimed ; but she admits it ; and the dividend has been ascertained upon its allowance. If something more than the defendant's mere admission of it as a valid claim against the estate be necessary, and it should have been rejected, the dividend would then have been 96.3 per cent., and the plaintiff's proportion $288.90, for which final judgment should be entered, with interest and costs as aforesaid.

W. REDIN.

FEBRUARY 19, 1844.